## NEW YORK, N. H. & H. R. CO. v. HALSTEAD.

(Circuit Court of Appeals, Second Circuit.   November 10, 1914.)

### No. 80.

1. JUDGMENT (§ 237*)—DISMISSAL AS TO ONE PARTY—EFFECT AS TO OTHER PARTY.

Where defendant railroad company, in performance of a contract to transport a regiment, furnished a car with a defective door, and plaintiff, while lawfully riding in the car, was injured by his foot becoming caught by the door while the car was being transported by a terminal company, which had nothing to do with the inspection or maintenance of the car, a dismissal as to the terminal company did not also require a dismissal as to the railroad company.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 415, 418–421, 429; Dec. Dig. § 237.*]

2. CARRIERS (§ 318*)—INJURY TO PASSENGER—DEFECTIVE CAR—EVIDENCE.

Evidence *held* to sustain a verdict in favor of a passenger, riding in a freight car, for alleged injuries suffered by reason of a defect therein.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.*]

3. CARRIERS (§ 242*)—TRANSPORTATION OF FREIGHT—CARETAKERS.

Where defendant contracted to transport a regiment, with its horses, equipment, baggage, etc., it would be assumed, in the absence of anything to the contrary, that the commanding officer was authorized to say what men should go in the car with the horses, and hence a civilian driver attached to the regiment, while riding in the car under orders, was not a trespasser.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 980; Dec. Dig. § 242.*

Relation of carrier to persons carried under contract with their employers, see note to Chicago & N. W. Ry. Co. v. O'Brien, 67 C. C. A. 427.]

In Error to the District Court of the United States for the Southern District of New York.

This cause comes here on writ of error to review a judgment of the District Court, Southern District of New York, entered on the ver-

dict of a jury in favor of defendant in error who was plaintiff below. The action was for personal injuries; plaintiff was a civilian driver attached to the Forty-Seventh Regiment, N. Y. N. G.; which was being transported from Connecticut to Brooklyn. He traveled in a car operated by the railroad to its rail heads near Oak Point, where the car was placed on a float of the Brooklyn Eastern District Terminal Company, which controlled and operated both float and car until its disembarkation in Brooklyn. The action was brought against the railroad and the terminal company. Complaint was dismissed as to the terminal company and sent to the jury only as to the railroad company's negligence.

J. W. Carpenter, of Brooklyn, N. Y., for plaintiff in error.

J. T. Walker, of New York City, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. [1] The first assignments of error deal with the denial of motion to dismiss as to the railroad company. This is really the only point in the case. The action was brought against both companies. The car, although owned by the New York Central Railroad, was furnished by defendant under its contract to transport the regiment. It was manifestly responsible for any unsafe condition of the car. The complaint charged that the door was in a defective and dangerous condition, liable to cause injury; that, while on the float, it was negligently operated, so that some object struck the door, which was forced in and caught and injured plaintiff's leg and foot. The theory of the complaint was that two things co-operated to cause the accident a defective door and a blow which was due to negligence. On the trial there was not sufficient evidence to show negligence in the operation of the car while on the float, and the complaint was dismissed as to the terminal company. Since it appeared conclusively that the railroad company did not operate the car when on the float, such dismissal practically disposed of any charge of negligence having caused the blow on the door. But that by no means disposed of the other charge of negligence, viz., that the railroad furnished a car having its door in such a defective condition that it became a potent cause of injury when the door was struck, although, if sound, the blow would have caused no trouble. We find no force in the contention that a dismissal as to the one defendant, which had nothing to do with inspection or maintenance of the car, required a dismissal also of the charge against the railroad which furnished the defective car.

[2] It is very difficult to understand from the proof just how the catastrophe happened, or what particular movement of the door it was which brought part of it inside the car. But there was very positive evidence that while plaintiff was seated on the floor of the car, with his feet towards the door, but not touching it, one of his legs was caught under the bottom edge of the door and pinned there until his companions disengaged it. There was also evidence that before the car started its door was in a condition of disrepair which made it swing and sway. Such condition it was sought to remedy by driving

in some nails, an expedient which evidently did not remedy the difficulty. There was sufficient evidence to sustain the jury's verdict. The case was sent to them under a full and careful charge, to which there was substantially no exception.

[3] We find no force in the suggestion that plaintiff was a trespasser. The contract under which the regiment, with its horses, equipment, baggage, etc., was being transported, is not in evidence. In the absence of anything in it to the contrary, it may fairly be assumed that it was for the commanding officer to say what men should go in the car with the horses.

Judgment affirmed.